**FILED**
June 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFREY COCKRELL,** *Plaintiff* | § § § | |
| **v.** | § | **No. 1:25-CV-01610-RP** |
| **STOUGHTON TRAILERS, LLC,** *Defendant* | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Stoughton Trailers, LLC's ("Stoughton") motion to dismiss, Dkt. 5, Plaintiff Jeffrey Cockrell's motion for leave to file sur-reply, Dkt. 13, and all related briefing. After reviewing these filings and the relevant law, the undersigned will grant Cockrell's motion for leave to file sur-reply, Dkt. 13, recommend that the District Judge deny Stoughton's motion to dismiss, Dkt. 5.

## I. BACKGROUND

This is a suit for breach of implied warranty. Dkt. 1-1, at 5. While Cockrell was driving, a semi-tractor towing a trailer turned across the highway, perpendicular to the flow of traffic, into Cockrell's travel lane. *Id.* at 3. Cockrell was unable to stop, and his vehicle slid under the trailer. *Id.* Cockrell sustained severe injuries. *Id.*

Cockrell sued Stoughton, the manufacturer of the trailer, for breach of implied warranty, arguing that Stoughton failed to mitigate risks associated with underride accidents such as the one he was involved in by installing a side guard. *Id.* at 6.

Cockrell also brought a products-liability suit against Stoughton in Wisconsin state court. *See* Dkts. 5-1, at 66; 11, at 1. Stoughton moved to dismiss this case, arguing that the Court should abstain from hearing Cockrell's case under *Colorado River*,[1] that Cockrell's case is barred by a Texas statute of repose for products-liability cases, and that Cockrell otherwise fails to state a claim. Dkt. 5.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

[1] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

### A. *Colorado River* abstention does not apply.

Stoughton moved to dismiss on the basis that Cockrell's suit is barred by *Colorado River* abstention. *See* Dkt. 5. The *Colorado River* doctrine applies when there are pending parallel proceedings in federal and state court involving the same parties and issues. *Diamond Offshore Co. v. A & B Builders*, 302 F.3d 531, 540 (5th Cir. 2002). Because Cockrell's related state-court case has since been dismissed, *see*

Dkt. 13-1, at 2, 8-17,[2] there is no longer any parallel state-court proceeding, and *Colorado River* abstention does not apply. *See, e.g.*, *Wells Fargo Bank, N.A. as Tr. v. Dean*, No. 4:25-CV-00263-ALM-BD, 2026 WL 183620, at *3 (E.D. Tex. Jan. 20, 2026), *R. & R. adopted*, 2026 WL 503596 (E.D. Tex. Feb. 23, 2026) (concluding *Colorado River* abstention did not apply where no state-court proceedings remained pending). The District Judge should decline to dismiss Cockrell's case based on *Colorado River* abstention.

**B. Cockrell's claims are not barred by the Texas statute of repose.**

Texas Civil Practice and Remedies Code Section 16.012(b) provides that, subject to certain exceptions,[3] "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." Tex. Civ. Prac. & Rem. Code § 16.012(b). The statute defines "products liability action" to include "any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product," including suits based on "breach of express or implied

---

[2] Cockrell moved for leave to file a sur-reply in support of his response to Stoughton's motion to dismiss, Dkt. 13. Stoughton did not respond to the motion within the time allotted under Local Rule CV-7(d)(2) for the Western District of Texas. Accordingly, the undersigned will grant Cockrell's motion to file a sur-reply, Dkt. 13, as unopposed.

[3] Neither exception applies here. Under Section 16.012(c), "[i]f a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller." Tex. Civ. Prac. & Rem. Code § 16.012(c). Plaintiff does not plead there is any such express warranty here. *See* Dkt. 1-1. Sections 16.012(d) and (d-1) carve out an exception to the statute of repose for certain claimants whose exposure to defendant's product caused the claimant's disease. Tex. Civ. Prac. & Rem. Code § 16.012(d), (d-1). Those exceptions do not apply to Cockrell's case.

warranty." *Id.* § 16.012(a)(2). "Texas's statute of repose operates as a clock, which starts on the date that the vehicle is released from the manufacturer to the dealership." *Brown v. Paccar Inc.*, No. 4:23-cv-705, 2024 WL 4860789, at *6 (E.D. Tex. Nov. 21, 2024) (citing *Camacho v. Ford Motor Co.*, 993 F.3d 308, 313 (5th Cir. 2021)); *see also Ford Motor Co. v. Parks*, 691 S.W.3d 475, 484 (Tex. 2024). If the plaintiff does not bring his claims within 15 years of the sale date, the statute "forbids the action." *Brown*, 2024 WL 4860789, at *6. This is true even where the plaintiff sued the defendant in an earlier case in a different jurisdiction. *Id.* (holding that the plaintiffs commenced a suit within the meaning of the statute of repose on the date they filed the case in Texas state court).

Cockrell sued on September 8, 2025. Dkt. 1-1, at 2 (noting date of electronic filing). Cockrell alleges that Stoughton manufactured the at-issue trailer in 2007. *Id.* at 3. Thus, 18 years passed between the trailer's *manufacture* and this suit. But Cockrell does not state when the trailer was *sold* or released from the manufacturer. *See id.*; Tex. Civ. Prac. & Rem. Code § 16.012(b) (stating "a claimant must commence a products liability action … before the end of 15 years after the date of the sale" (emphasis added)). Though Stoughton may be correct that it is "unreasonable to infer that the incident trailer was sold over three years after the date it was manufactured," Dkt. 5, at 18, in ruling on a 12(b)(6) motion the Court relies only on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Dorsey*, 540 F.3d at 338. Nothing in Cockrell's complaint, attachments, or references discloses the

trailer's sale date, and Stoughton has not pointed to any document containing the trailer's sale date of which the Court may take judicial notice.

Further, though in *Ford* the Texas Supreme Court held that a defendant "need not prove an exact sales date to be entitled to judgment" under the Texas statute of repose, in that case, defendant pointed to uncontroverted evidence that the vehicle was released and shipped to the dealership more that 15 years before the plaintiff filed suit. 691 S.W.3d at 483-84. At this stage, there is no such evidence here, and Stoughton does not meet its burden to show that, based on the pleadings, the statute of repose bars Cockrell's claims as a matter of law. *See Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 302 (5th Cir. 2014) ("[A] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred[.]"); *see also Petrobas Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 254 (5th Cir. 2021) (stating a statute of limitations is an affirmative defense for which the defendant carries the burden of proof); *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (noting, in an appeal of a motion for summary judgment, that the defendant bears the burden of proof on each element of a statute-of-repose defense). The District Judge should not dismiss this case based on the statute of repose at this time.

**C. Cockrell alleges a product defect.**

The District Judge should not dismiss Cockrell's case on the basis that he fails to allege a product defect. Cockrell brings claims for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose.

*See* Dkt. 1-1, at 5. The elements of a claim for breach of implied warranty of merchantability are: (1) the merchant sold goods to the plaintiff; (2) the goods were unfit for ordinary purposes; (3) the plaintiff notified the defendant of the breach; and (4) the plaintiff suffered injury proximately caused by the breach. *Omni USA v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 814 (S.D. Tex. 2013) (citing *Hartford v. Lyndon–DFS Warranty Servs., Inc.*, No. 01-08-00398-CV, 2010 WL 2220443, *11 (Tex. App.—Houston [1st Dist.] May 28, 2010, no pet.)); *see also Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 667-68 (Tex. 1999). To prove a breach of the implied warranty of merchantability, a plaintiff "must demonstrate a defect in the 'condition of the goods that renders them unfit for the ordinary purposes for which they are used.'" *Id.* at 817 (quoting *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 443-44 (Tex. 1989)).[4]

The elements of a claim for breach of implied warranty of fitness for a particular purpose are: "(1) the seller had reason to know any particular purpose for which the goods were required at the time of contracting and (2) the buyer was relying on the seller's skill or judgment to select or furnish suitable goods." *Bass v. Stryker Corp.*, 669 F.3d 501, 516 (5th Cir. 2012) (quoting *Hartford*, 2010 WL 2220443, at *10-11). "'In an action based on implied warranty of fitness for a particular purpose, proof of a defect is not required.'" *Omni*, 964 F. Supp. 2d at 832 (quoting *Plas-Tex*, 772 S.W.2d at 443 n.2).

[4] In Texas, breach of implied warranty claims in personal-injury cases do not require privity of contract. *Ardoin v. Stryker Corp.*, No. 4:18-CV-2192, 2019 WL 4933600, at *5 (S.D. Tex. Oct. 7, 2019) (citing *Garcia v. Tex. Instruments, Inc.*, 610 S.W.2d 456, 465 (Tex. 1980)).

Stoughton argues the Court should dismiss Cockrell's case because Cockrell fails to allege the product in issue was defective. Dkt. 5, at 18-21. The undersigned disagrees. Initially, with respect to Cockrell's claim for breach of implied warranty of fitness for a particular purpose, "proof of a defect is not required." *See Omni*, 964 F. Supp. 2d at 832; *Plas-Tex*, 772 S.W.2d at 443 n.2. The District Judge should therefore decline to dismiss Cockrell's claim for breach of implied warranty of fitness for a particular purpose on the basis that Cockrell failed to allege a defect.

Further, the undersigned finds that Cockrell has sufficiently alleged a defect in support of his claim for breach of implied warranty of merchantability. In his original petition, Cockrell states that the trailer "was defectively designed and manufactured because it did not have adequate underride protection or guards." Dkt. 1-1, at 6. He adds that the lack of adequate underride protection caused him to sustain injuries he would not otherwise have suffered. *See id.* ("The lack of side underride guard rendered the trailer unreasonably dangerous and made it more likely that vehicles like Plaintiff's would slide under the trailer at impact. … As a result of Defendant's failures, Plaintiff was seriously and permanently injured."); *Hyundai*, 995 S.W.2d at 665 ("The claim in a crashworthiness case is that a defect in the vehicle caused an occupant to sustain injuries in an accident that he or she would not otherwise have suffered."). Contrary to Stoughton's assertion, then, Cockrell alleges that the defect—the lack of side underride protection—existed at the time the trailer left Stoughton's control. Dkt. 1-1, at 7; *see* Dkt. 5, at 21.

Finally, Cockrell alleges that a "safer alternative design" existed. *See* Dkt. 5, at 19 (arguing that Cockrell was required to allege a "safer alternative design" to show a design defect); *see* Tex. Civ. Prac. & Rem. Code § 82.005(a)(1) (requiring a plaintiff in a design-defect case to prove that "there was a safer alternative design"). Cockrell states underride protection would have made it more likely that he would avoid serious injury or death without "substantially impairing the trailer's utility" and that other manufacturers use side underride guards, which it was "economically and technologically feasible" for Stoughton to do. Dkt. 1-1, at 6-7; *see* Tex. Civ. Prac. & Rem. Code § 82.005(b) (defining "safer alternative design"). And again, whether Stoughton's evidence ultimately shows that its trailer "complied with all relevant industry and regulatory standards" when manufactured or that side underride guards were "neither commercially viable nor logistically available" at the time of the trailer's manufacture are not proper bases for dismissal at this stage. *See* Dkt. 5, at 19-20; *Dorsey*, 540 F.3d at 338; *see also Ardoin*, 2019 WL 4933600, at *3 (noting plaintiff's allegations as to safer alternative designs "must be accepted as true at the motion to dismiss stage").[5] The District Judge should deny Stoughton's motion to dismiss.

## IV. RECOMMENDATION

In accordance with the discussion above, the undersigned **GRANTS** Cockrell's motion for leave to file a sur-reply, Dkt. 13.

---

[5] Because Cockrell does not base his claim on a manufacturing defect or any failure to warn, the undersigned does not address Stoughton's arguments as to these types of defects. *See* Dkts 1-1; 5, at 20-21.

The undersigned **RECOMMENDS** that the District Judge **DENY** Stoughton's motion to dismiss, Dkt. 5.

The referral of this case to the Magistrate Judge should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 23, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE